IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY LYNNE NYE,<br><br>    *Plaintiff,*<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>    *Defendant.* | Case No. 5:21-cv-01713-JDW |

### MEMORANDUM

Tammy Lynne Nye objects to Magistrate Judge Scott Reid's Report and Recommendation recommending that the Court deny her Request for Review after the Commissioner of Social Security denied her claim for Supplemental Security Income. For reasons that follow, the Court will overrule Ms. Nye's objections and approve and adopt Judge Reid's recommendation, denying Ms. Nye's Request for Review.

**I.    BACKGROUND**

Ms. Nye first applied for SSI on January 15, 2015, alleging both physical and mental impairments that she contends render her disabled. Since then, she has had two hearings before an Administrative Law Judge ("ALJ"). On July 21, 2020, after the second hearing, the ALJ issued a written decision, determining that Ms. Nye is not disabled and, therefore, not eligible for Supplemental Security Income ("SSI"). The Appeals Council denied Ms. Nye's request for review of that decision, so Ms. Nye filed a Request for Review with this Court on April 12, 2021. The Court referred this matter to Judge Reid for a Report and Recommendation ("R&R"). On January 12, 2022, Judge Reid issued an R&R, recommending that the Court deny Ms. Nye's

Request for Review and enter judgment in favor of the Commissioner of Social Security (the "Commissioner"). The R&R sets forth the relevant facts, and the Court need not repeat them here. Ms. Nye has lodged four objections to the R&R, and they are ripe for review.

## II. LEGAL STANDARD

As long as they are "supported by substantial evidence," the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). Perhaps a misnomer, substantial evidence "does not mean a large or considerable amount of evidence[.]" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Rather, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir.2005)). It is something "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Id.* (same). In determining whether there is substantial evidence to support an administrative law judge's decision, [courts] owe deference to his evaluation of the evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009). Critically, a court may not set aside a decision that is supported by substantial evidence, even where the court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

However, the Court has plenary review over the ALJ's application of legal principles. *See Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995). "As such, even if a decision made by an ALJ is supported by substantial evidence, this court can overturn that decision if it finds that it was based upon incorrect legal standards." *Payton v. Barnhart*, 416 F. Supp. 2d 385, 387 (E.D. Pa. 2006) (citation omitted).

### III.     DISCUSSION

The Court addresses each of Ms. Nye's four objections, in order.

*First*, Ms. Nye objects to the R&R's conclusion that the ALJ was justified in determining that the treatment notes of Dr. Lysette Ramos (Ms. Nye's treating psychiatrist) were inconsistent with her opinions. Judge Reid reviewed and discussed the "latest notes" that Dr. Ramos provided, reviewed their contents, and noted absences from those notes that rendered them inconsistent with Dr. Ramos's opinion. (ECF No. 19 at 7.) The evidence that the R&R cites constitutes substantial evidence, even if there is also evidence to the contrary. At bottom, this objection amounts to a request that the Court substitute the ALJ's judgment with its own—something the Court cannot do. *See Zirnsak*, 777 F.3d at 611.

*Second*, Ms. Nye objects that the R&R should not have credited the ALJ's conclusions because the ALJ should have taken further action "if the ALJ was concerned about Dr. Ramos's opinions being incomplete." (ECF No. 20 at 1.) But this is a strawman: the ALJ did not express concern about incomplete opinions, and the R&R does not credit such a concern. Instead, the ALJ concluded that Dr. Ramos's opinions were inconsistent with her own treatment notes. There was substantial evidence for that conclusion, and the R&R did not need to remand the case or overrule the ALJ based on a concern that the ALJ did not express.

*Third*, Ms. Nye objects to the R&R's observation that her course of care was conservative because the R&R does not explain how a more aggressive course of treatment would have remedied the outcome. She is correct, in that the R&R is silent about the import of conservative treatment. The ALJ did explain the significance of that treatment, though. He relied on Ms. Nye's "routine and conservative" mental health treatment to determine that Ms. Nye's mental impairments did not satisfy the "Paragraph C" criteria. (ECF No. 13-2 at 29.)  The ALJ also relied

3

on the conservative and routine nature of the treatment in determining that the evidence in the record "does not establish the severity of pain and degree of disabling functional limitations as alleged in [Ms. Nye's] application." (*Id.* at 35; *see also id.* at 36.) And the ALJ noted that Ms. Nye denied a history of inpatient psychiatric hospitalizations. (*Id.* at 29.) These explanations justify the ALJ's observation about the nature of the care and provide substantial evidence for the ALJ's conclusion about Ms. Nye's level of impairment.

*Fourth*, and finally, Ms. Nye complains that the way the R&R handles the fact that the ALJ drew a negative inference based on Ms. Nye's noncompliance with her mental health treatment program. The R&R notes the following: (a) Ms. Nye's counsel asked her about her noncompliance in proceedings before the ALJ; (b) Ms. Nye explained away any treatment gap in her records by pointing to administrative errors at her mental health provider; and (c) some medical records contradicted Ms. Nye's explanation. (*See* ECF No. 19 at 9-10.) These facts constitute substantial evidence that support the ALJ's conclusion. In addition, because the evidence establishes that Ms. Nye's non-compliance was the subject of testimony before the ALJ, the ALJ did not have to "question Ms. Nye as to why she was noncompliant with treatment" (ECF No. 20 at 2), nor did the R&R have to fault the ALJ on that score.

The R&R also notes that Ms. Nye failed to cite any case law from within the Third Circuit supporting her position that the ALJ was required to make these inquiries. While it does not appear that the Court of Appeals has spoken on this particular issue, there is some intra-circuit authority that supports Ms. Nye's position. *See, e.g.*, *Felder v. Saul*, No. 19-cv-151, 2020 WL 108464, at *4 (E.D. Pa. Jan. 9, 2020); *Williams v. Saul*, No. 18-cv-4180, 2019 WL 4917155, at *6 (E.D. Pa. Oct. 4, 2019); *Leikheim v. Berryhill*, No. 17-cv-1011, 2018 WL 705057, at *6 (E.D. Pa. Feb. 5, 2018); *Gleason v. Colvin*, 152 F. Supp. 3d 364, 391 (M.D. Pa. 2015). However, even if one could

4

attribute Ms. Nye's periods of non-compliance with treatment to her mental impairments, there would still be substantial evidence in the record to support the ALJ's decision. That is, even if the ALJ erred by considering Ms. Nye's noncompliance, that error was harmless in light of the other substantial evidence in the record to support his decision. The Court will overrule Ms. Nye's objection.

## IV.    CONCLUSION

The ALJ's decision that Ms. Nye is not disabled is supported by substantial evidence, and Ms. Nye's objections to the R&R are without merit. Thus, the Court will approve and adopt the R&R. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

February 16, 2022